UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 10-10335-RGS

UNITED STATES

v.

MICHAEL PROCHILO, JR.

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION
TO DISMISS THE INDICTMENT

July 30, 2012

STEARNS, D.J.

Defendant Michael Prochilo, Jr., moves to dismiss the indictment brought against him, arguing that the grand jury foreperson was biased after viewing the defendant's father on an organizational chart mapping the subjects and targets of the ongoing investigation.[1] Errors in a grand jury proceeding do not warrant dismissal absent a

---

[1] The foreperson immediately reported the fact to the Assistant United States Attorney (AUSA), which prompted a break in the proceedings and an off-the-record conversation between the two. Several minutes later, they returned, and on the record the AUSA stated:

> [w]ithout revealing the absolute or the details, the Foreperson indicated that he knows Michael [Prochilo, Sr.], the person at the top of this chart. He indicated to me how he knows him. . . . We made no final decision, he asked me for my guidance, and I turned it back on him and suggested that it was whether he felt comfortable continuing. . . . I'm going to be back before you next week on this case, and we'll revisit the matter

showing of prejudice. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 255-256 (1988). Here no such showing is made. By the government's undisputed account, the foreperson was excused from grand jury service on all subsequent dates on which the grand jury heard evidence related to this case, including the dates on which the grand jury deliberated and handed up the indictment.[2]

While Fed. R. Crim. P. 6(e)(1) requires that "[e]xcept while the grand jury is deliberating or voting, all proceedings must be recorded by a court reporter or by a suitable recording device," the ex parte off-record conversation between the AUSA and the foreperson is not a basis for dismissal, even assuming that Rule 6(e) required it to be recorded. *See id.* ("But the validity of a prosecution is not affected by the unintentional failure to make a recording.").[3] In the absence of a showing of prejudice, a staggeringly high hurdle must be cleared to warrant dismissal. *See United States v.*

---

between he and I then.

G.J. Tr. at 6 (Dkt # 61-2).

[2] The indictment returned against defendant was signed by the deputy foreperson.

[3] Indeed, here, after learning of the foreperson's relationship to Michael Prochilo, Sr., the AUSA took care to state on the record the nature, although not the details, of the conversation. Even in the event of an intentional violation of Fed. R. Crim. P. 6 – which the court is confident did not occur here – dismissal is not an appropriate remedy. *See Bank of Nova Scotia*, 487 U.S. at 263 ("For example, a knowing violation of Rule 6 may be punished as a contempt of court.").

2

*Santana*, 6 F.3d 1, 11 (1st Cir. 1993).

## ORDER

For the foregoing reasons, defendant's motion to dismiss the indictment is DENIED.

                                        SO ORDERED.

                                        /s/ Richard G. Stearns

                                        _____
                                        UNITED STATES DISTRICT JUDGE